UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7472-GW-AJRx | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Suzanne Reza v. Costco Wholesale Corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None Present | None Present | | |

**PROCEEDINGS:** IN CHAMBERS - ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

On August 7, 2023, Plaintiff Suzanne Reza sued Defendant Costco Wholesale Corporation, Does 1 to XX, for: (1) premises liability and (2) personal injury. *See generally* Complaint, Docket No. 1, Ex. A. On September 8, 2023, Defendant removed the action to this Court, basing federal jurisdiction on 28 U.S.C. § 1332.

The Court has an obligation to ensure that subject matter jurisdiction exists before proceeding with the litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). Defendant alleges that there is complete diversity between the parties. *See* Notice of Removal ("Notice"), Docket No. 1. Defendant states that it is incorporated in and has its principal place of business in the State of Washington. *See id.* ¶ 5. Defendant additionally states that Plaintiff resides in

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7472-GW-AJRx | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Suzanne Reza v. Costco Wholesale Corporation, et al.* | | |

California. *See id.* However, diversity jurisdiction applies to "citizens of different states" as per 28 U.S.C. § 1332(a)(1), not merely to "residents." *See, e.g.*, *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence' . . . , and one can reside in one place but be domiciled in another . . . . For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). Therefore, the Court would require confirmation that Plaintiff is a citizen of California, not a mere residence thereof.

Defendant has also pled that the amount in controversy exceeds $75,000. *See* Notice ¶ 6. However, Defendant's Notice of Removal mainly contains conclusory allegations that the amount in controversy is satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (holding that removal cannot simply be based upon conclusory allegations where the complaint is silent). Plaintiff's Complaint does not specify an amount in controversy and simply refers to an apparent slip and fall at Defendant's premises. *See* Complaint. Defendant bears the burden of alleging sufficient "jurisdictional facts" to meet this requirement if such claims are not clear from the Complaint. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). However, Defendant's Notice of Removal merely alleges that Plaintiff filed an unlimited case, which exceeds $25,000, and that Plaintiff contends the amount in controversy exceeds $75,000 without any supporting evidence or declaration. Notice ¶ 6. Based on these allegations, it is unclear whether the amount in controversy exceeds $75,000. Therefore, the Court would order Defendant to provide more than just conclusory and speculative allegations to show that the $75,000 jurisdictional minimum is satisfied.

The parties are currently scheduled to appear before this Court for an initial scheduling conference on October 19, 2023. *See* Docket No. 10. The Court orders Defendant to respond to the foregoing in writing no later than October 12, 2023.

: 

Initials of Preparer    JG